Form: ICB-19001-01 rev. 01

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-2(c)**

Andrew B. Finberg
Chapter 13 Standing Trustee
Cherry Tree Corporate Center
Chapter 13 Standing Trustee
Cherry Tree Corporate Center
535 Route 38, Suite 580
Cherry Hill, NJ  08002-2977

**Order Filed on March 12, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Walter C. Parker, Jr.

Debtor(s)

Case No.: 23-17260 (ABA)

Hearing Date: 03/11/2026

Judge:       Andrew B. Altenburg, Jr.

## ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two(2) through four(4) is hereby

**ORDERED**.

**DATED: March 12, 2026**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Page 2 of 4

Debtor: Walter C. Parker, Jr.

Case No.: 23-17260 (ABA)

Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

The modified plan of the debtor having been proposed to the creditor, and a hearing having

been held on the Confirmation of such Plan, and it appearing that the applicable provision of the

Bankruptcy Code have been complied with, particularly 11 USC § 1329; and for good cause

show, it is

**ORDERED** that the modified plan of the above named debtor, dated 01/21/2026, or the last

amended plan of the debtor be and it is hereby confirmed.  The Standing Trustee shall make

payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor; and it is

further

**ORDERED** that the debtor shall pay the Standing Trustee, Andrew B. Finberg, the sum of

$100.00 **for a period of 5 months** beginning immediately, which payment shall include

commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586, together

with $10,920.00 paid to date.

**ORDERED** that debtor shall pay.

100% to timely filed non-priority unsecured claims, or claims allowed pursuant to an order of the

Court.

Page 3 of 4
Debtor: Walter C. Parker, Jr.
Case No.: 23-17260 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that if the debtor should fail to make plan payments for a period of more than 30

days, the Standing Trustee may file, with the Court and served upon the Debtor and Debtor's

Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be

dismissed.  The debtor shall have fourteen days within which to file with the Court and serve

upon the Trustee a written objection to such Certification.

**ORDERED** that the Standing Trustee is authorized to pay post-petition claims filed pursuant to

11 U.S.C. §1305(a), in the amount filed by the post-petition claimant.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps

necessary to remove of record any lien or portion of any discharge.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte an Amended Order

Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under

Fed.R.Bank. P.3002.

Page 4 of 4

Debtor: Walter C. Parker, Jr.

Case No.: 23-17260 (ABA)

Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

_____

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of

Claim is filed by such creditor before expiration of the applicable bar date, the debtor pursuant to

F.R.B.P. 3004, must file a Proof of Claim on behalf the creditor within 30 days of the expiration

of the applicate bar date.  If the time period pursuant to F.R.B.P. 3004 has expired, the debtor

must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay

the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the

Trustee to pay an amount certain in the plan.

**ORDERED** that any post-confirmation appreciation in the estate of the debtor be used for the

benefit of the unsecured creditors.

**ORDERED** that any funds accrued to a creditor who has not filed a timely proof of claim be

used for the benefit of the unsecured creditors.

**ORDERED** as follows:

Total plan length of 36 months, plus non-exempt proceeds from sale of real estate to pay

100% to timely filed claims.

United States Bankruptcy Court

District of New Jersey

In re:                                                                                          Case No. 23-17260-ABA

Walter C Parker, Jr                                                                     Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1                            User: admin                            Page 1 of 2

Date Rcvd: Mar 13, 2026                    Form ID: pdf903                    Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol        Definition**

+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 15, 2026:**

**Recip ID            Recipient Name and Address**
db                   +  Walter C Parker, Jr, 193 Dubois Avenue, West Deptford, NJ 08096-5054

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 15, 2026                    Signature:            /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 13, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Andrew B Finberg | on behalf of Trustee Andrew B Finberg courtmail@standingtrustee.com  ecf.mail_9022@mg.bkdocs.us |
| Andrew B Finberg | courtmail@standingtrustee.com  ecf.mail_9022@mg.bkdocs.us |
| Anthony Landolfi | on behalf of Debtor Walter C Parker  Jr anthony@landolfilaw.com, kathy@landolfilaw.com |
| Denise E. Carlon | on behalf of Creditor MidFirst Bank dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor Midland Mortgage dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com |
| Regina Cohen | on behalf of Creditor Ally Capital rcohen@lavin-law.com |

District/off: 0312-1                         User: admin                                    Page 2 of 2
Date Rcvd: Mar 13, 2026                      Form ID: pdf903                                Total Noticed: 1

Richard Abel
                        on behalf of Creditor MidFirst Bank bkgroup@kmllawgroup.com

U.S. Trustee
                        USTPRegion03.NE.ECF@usdoj.gov

William E. Craig
                        on behalf of Creditor Santander Consumer USA Inc. wcraig@egalawfirm.com
                        mortoncraigecf@gmail.com;alapinski@egalawfirm.com


TOTAL: 9